# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEAF SUPREME PRODUCTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES BACHMAN, and ADELLA BACHMAN,<br><br>Defendants. | 8:19CV261<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Objection to Findings and Recommendation, ECF No. 14, filed by Defendants James Bachman and Adella Bachman. For the reasons stated below, the Objection will be overruled; the Findings and Recommendation, ECF No. 11, will be adopted; and this action will be remanded to the District Court for Douglas County, Nebraska.

## BACKGROUND

Defendants removed this action to this Court on June 17, 2019, ECF No. 1, and Plaintiff Leaf Supreme Products, LLC, moved to remand the case to state court, Mot. Remand, ECF No. 6. The Motion was referred to Magistrate Judge Zwart who found that the case should be remanded to state court because this Court lacks subject-matter jurisdiction. Defendants objected to Magistrate Judge Zwart's Findings and Recommendation and argue that the requirements for both federal question and diversity jurisdiction are satisfied.

## DISCUSSION

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). To determine whether federal question jurisdiction exists, the Court must "begin by applying the well-pled complaint rule." *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). "This long-standing doctrine 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *Id.* (quoting *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991)).

"[D]iversity jurisdiction requires 'complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (quoting *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015)). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 n.6 (8th Cir. 2013) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)).

Defendants failed to identify a federal question on the face of Leaf Supreme Products, LLC's, Complaint, ECF No. 2, and the members of Leaf Supreme Products, LLC, share the same citizenship with Defendants. Thus, neither federal question nor

diversity jurisdiction has been established, and the Court lacks subject-matter jurisdiction over the claims in this case.[1]  Accordingly,

IT IS ORDERED:

1. The Objection to Findings and Recommendation, ECF No. 14, filed by Defendants James Bachman and Adella Bachman, is overruled;

2. The Findings and Recommendation, ECF No. 11, issued by Magistrate Judge Zwart, is adopted;

3. The Motion to Remand, ECF No. 6, filed by Plaintiff Leaf Supreme Products, LLC, is granted;

4. This action is remanded to the District Court for Douglas County, Nebraska; and

5. The Motion to Intervene, ECF No. 9; the Motion to Vacate Douglas County TRO, ECF No. 12; and the Motion to Amend Findings and Recommendation, ECF No. 15, are denied as moot.

Dated this 24th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] The Motion to Intervene, ECF No. 9, does not create subject-matter jurisdiction. 7C Wright & Miller, *Federal Practice and Procedure* § 1917 (3d ed.) ("Intervention cannot cure any jurisdictional defect that would have barred the federal court from hearing the original action.  Intervention presupposes the pendency of an action in a court of competent jurisdiction[ ] and cannot create jurisdiction if none existed before.[ ]").